IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00868-MSK-BNB

BILL LASH,

    Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD,
LAS ANIMAS COUNTY,

    Defendants.

---

## OPINION AND ORDER DENYING MOTION TO DISMISS
---

**THIS MATTER** comes before the Court pursuant to Defendants Las Animas County and Las Animas County Sheriff's Department's Motion to Dismiss **(# 9)**, the Plaintiff's response **(# 12)**, and the Defendants' reply **(# 13)**.

The Plaintiff's *pro se* Complaint **(# 3)** and Amended Complaint **(# 6)** involve claims arising from an incident on April 21, 2002, in which the Plaintiff claims he was falsely arrested

1

and unreasonably detained by, among others, the Las Animas Defendants. He asserts claims pursuant to 42 U.S.C. § 1983.

The Las Animas Defendants move to dismiss the claims against them on timeliness grounds. Specifically, they point out that the Plaintiff's Complaint was filed on April 29, 2004, seven days after expiration of the two-year statute of limitations applying to § 1983 actions in Colorado, *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993), expired. The Plaintiff does not dispute that the statute of limitations on his § 1983 claim is two years, but asserts that he placed his Complaint in the mail from Trinidad, Colorado on April 21, 2004, and that the Court should deem the Complaint filed as of that date.

Fed. R. Civ. P. 3 states that a civil action is commenced by "filing a complaint with the court." Thus, the operative date to examine is the date upon which the Clerk of the Court "filed" the Complaint. The "filed" stamp on the front of the Plaintiff's Complaint indicates that the Complaint was filed on April 29, 2004. However, the Plaintiff's *pro se* Complaint was accompanied by an application to proceed *in forma pauperis* (**# 1**), which was filed by the Clerk on April 23, 2004. In such circumstances, the Court deems the Complaint to be filed at the same time as the *in forma pauperis* application. *Jarrett v. U.S. Sprint Communications, Inc.*, 22 F.3d 256, 259 (10th Cir. 1994). Nevertheless, the filing of the Complaint on April 23, 2004 does not aid the Plaintiff, as his injury occurred on April 21, 2002, and thus, his statute of limitations began to run the following day, *see* Fed. R. Civ. P. 6(a) (for purposes of calculating statute of

limitations, the day of the injury "shall not be included"), and expired two years later on April 22, 2004. Thus, even when measured as against the date on which the Plaintiff's *in forma pauperis* application was filed, the Complaint is one day late.

The Plaintiff argues that the Court should deem the Complaint filed as on April 21, 2004, the date upon which he surrendered it to the United States Postal Service for delivery to the Court. In essence, the Plaintiff argues for the application of the "mailbox rule" to this set of facts. As described by *Black's Law Dictionary*, the "mailbox rule" is "[t]he principle that when a pleading or other document is filed or served by mail, filing or service is deemed to have occurred on the date of mailing." 7th Ed. at 964. *Black's*, however, notes that "the mailbox rule varies from jurisdiction to jurisdiction." *Id*. The most common application of the mailbox rule in federal courts involves prison inmates, whose submissions are deemed filed with the Court on the date in which the inmate delivers the filing to the prison mail system. *See Houston v. Lack*, 487 U.S. 266 (1988). In *Houston*, the Supreme Court noted the necessity of such a rule for prisoners, given their status relative to those of other litigants, and in doing so, explained why the mailbox rule is not appropriate here:

> Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And <u>if other litigants do choose to use the mail</u>, they can at least place the notice directly into the hands of the United States Postal Service (or a

> private express carrier); <u>and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment</u> or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.

487 U.S. at 270-71 (emphasis added). The Court is not aware of any federal authority deeming the mailbox rule to apply to civil actions commenced by non-incarcerated individuals, and thus, rejects the Plaintiff's argument that the action was commenced upon his delivery of his Complaint to the Postal Service. In addition, the Court rejects the Plaintiff's argument that it should adopt Colorado procedural law governing filings by mail. *See e.g. McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995) (refusing to borrow state service-by-mail rule in § 1983 case commenced in federal court).

However, both parties appear to have overlooked a third issue: according to the Plaintiff's return receipt, the Complaint (and accompanying papers) were apparently <u>received</u> by the Clerk of the Court on April 22, 2004,[1] the final day of the Plaintiff's limitations period, yet they were not actually <u>filed</u> by the Clerk until the following day. An argument could be made that the Plaintiff should be entitled to have his papers deemed filed upon their receipt by the Clerk of the Court, regardless of when they are actually processed within the Clerk's Office. *See e.g.*

---

[1]The Court notes a handwritten endorsement on the Clerk's Office copy of the Plaintiff's Complaint which reads "Rec. 4-23-04." Nevertheless, there is no indication who made that notation, nor evidence to suggest it is somehow more reliable than the Postal Service's records, attached by the Plaintiff as an exhibit, which indicates receipt by the Clerk on April 22, 2004.

4

*McIntosh*, 71 F.3d at 36 ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's <u>receipt</u> of them") (emphasis added); *see also Houston*, 487 U.S. at 271 (apparently contemplating an equitable tolling of the statute where "the notice was not stamped on the date the court received it").  However, an equally compelling argument could be made that, although the Plaintiff's papers were received by the Clerk on April 22, 2004, such receipt might have occurred after business hours, and thus, the Plaintiff's situation is akin to that of the litigant who slides his filings under the locked door of a closed Clerk's Office.  The Court notes that there are differing views on how to proceed in such circumstances, *see generally* Wright & Miller, <u>Federal Practice and Procedure</u>, § 1153 (3d ed.), but notes that a common practice cited by commentators is for the Court to examine the context in which the issue arises and the good faith of the filing party.  *Id.*

In this regard, the Court finds that the Plaintiff, while not entirely blameless, acted reasonably and in good faith.  Although, as the Supreme Court observed in *Houston*, it was ultimately the responsibility of the Plaintiff to monitor the status of his mailing by calling the Clerk to ensure its filing and taking appropriate action if it appeared filing would not promptly occur, the record here suggests that even such a telephone call might not have provided the Plaintiff with reliable information.  Had the Plaintiff called the Clerk on April 22, 2004, he might have been told that his mailing had indeed arrived, but unless one of the parties to the conversation thought to separately inquire as to the filing status of the document, the Plaintiff

5

would not have learned that his Complaint would not formally have been filed until the following day. The record reflects that the Plaintiff dispatched the mailing in sufficient time to reach the Clerk's Office before the statute of limitations expired. Indeed, but for unknown circumstances that caused the Plaintiff's submissions to not be filed until the day after their receipt, it would appear that the Plaintiff took all necessary actions to file his case in a timely manner (albeit just barely). The Las Animas Defendants have not alleged that any distinct prejudice that would result to them if the Court deemed the Plaintiff's Complaint and supporting papers to be deemed constructively filed on April 22, 2004, the date of their receipt by the Clerk of the Court, and thus, the Court will do so.

For the foregoing reasons, the Court finds that the Plaintiff's Complaint was constructively filed with the Clerk on April 22, 2004, within the statute of limitations. The Las Animas Defendants' Motion to Dismiss **(# 9)** is **DENIED**.

Dated this 10th day of August, 2005.

**BY THE COURT:**

*/s/ Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge