IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00868-MSK-BNB

BILL LASH,

      Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD,
LAS ANIMAS COUNTY,

      Defendants.

_____

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER**

_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 49)** to

the November 7, 2005 Order **(# 44)** of United States Magistrate Judge Boyd N. Boland, and the

Defendants' response **(# 51)**.

The Plaintiff *pro se* commenced this action, alleging violations of his civil rights under 42

U.S.C. § 1983, on April 23, 2004 **(# 1)**.  On or about September 23, 2005, the Defendants

noticed to Plaintiff's deposition, to be held at a mutually convenient date in October 2005.  The

Plaintiff filed a "response" **(# 38)** to that Notice of Deposition in this Court, agreeing to be

deposed in October, but refusing to travel to Denver and demanding that his deposition take place

in his hometown of Trinidad, Colorado.[1]  The Defendants then filed an "Emergency Motion to

Compel Plaintiff's Deposition" **(# 39)**, which this Court referred **(# 40)** to Magistrate Judge

Boland.  On November 7, 2005, Magistrate Judge Boland conducted a hearing **(# 44)** on the

Defendants' motion.  The Plaintiff did not attend, nor seek leave to appear by telephone or

otherwise.  Magistrate Judge Boland granted  **(# 44)** the Defendants' motion, requiring the

Plaintiff to appear in Denver for deposition on November 30, 2005.

   The Plaintiff timely filed the instant Objections **(# 49)** to the Magistrate Judge's Order.  In

sum, the Plaintiff objects to having to travel "some 400 miles total"[2] to be "deposed at a

Deposition requested NOT by Plaintiff, in Plaintiff's interest, but by [the Defendants]," and

proposed being deposed by telephone instead.

   Rulings on non-dispositive issues by a Magistrate Judge are reviewed by this Court

pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly erroneous or

contrary to law."  28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.

1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).

Accordingly, the Plaintiff's Objections will be overruled unless the Court finds that the Magistrate

Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a

"definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing*

*Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

   In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and

accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

---

[1]In the alternative, the Plaintiff demanded $ 400 as compensation for travel costs.

[2]According to "driving directions" feature of www.mapquest.com, the distance between
Trinidad, Colorado and Denver, Colorado is 196.77 miles, with an estimated driving time of 3
hours.

However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The trial court is vested with broad discretion in fixing the time and place of depositions, and that discretion is subject to reversal only where there is no rational basis in the evidence for the ruling. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). As a general rule, the party noticing the deposition– in this case, the Defendants– are entitled to designate the location. *See O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004). At the same time, in the absence of exceptional or unusual circumstances, when a deponent resides a substantial distance from the deposing party's location, the Court will usually require the deposing party to take the deposition in a location near where the deponent resides. *Id.*, *citing Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D.Colo.1993).[3] This rule applies even where the deponent is a party. *Id.*

In applying the rule, the facts and reasoning in *Rivera* provide helpful guidance. In *Rivera*, the federal District Court in New Mexico refused to require the deponent– a defendant in the action– to appear in Albuquerque, New Mexico, and instead required that he be deposed in his

---

[3]The Court has some question as to why *Metrex*, a directly on-point, commonly-cited case from this District was not cited by the Defendants in their motion to compel or in their response o to the Plaintiff's Objections. Instead, the Defendants relied solely upon a 50-year old case from the Eastern District of New York. Counsel have an ethical duty to bring relevant precedent before the Court, even though that precedent might not be in that side's favor.

hometown of Pagosa Springs, Colorado, some 215 miles away. Among the factors considered by the court in this case were the fact that the deponent had established that he was the sole means of support of his family, and that traveling for the deposition would amount to a financial hardship. *Id.* at 188. In addition, the court noted that, as a defendant in the case, the deponent should be entitled to some additional protection that would not be afforded a plaintiff, as the defendant, unlike a plaintiff, does not get to choose his forum. *Id.* at 189.

Several facts distinguish this case from *Rivera*, and warrant a contrary result. The record here[4] establishes only that the round-trip distance from Trinidad to Denver and back is 400 miles. Unlike the defendant in *Rivera*, the Plaintiff has not asserted that traveling this distance presents a financial hardship for him, nor articulated any other factors other than mere distance that would suggest that appearing for deposition in Denver constitutes an undue hardship. As discussed in *Rivera*, protection against remote depositions is less available to a plaintiff, who has the luxury of choosing his forum. The Court notes that the Plaintiff's claims, arising primarily under 42 U.S.C. § 1983, are cognizable in either state or federal court, *Arkansas Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 234 (1987), *citing Martinez v. California*, 444 U.S. 277, 283, n. 7 (1980), and yet the Plaintiff elected to commence this action in the first instance in the federal District Court which sits in Denver, rather than in a state court in his county of residence. Having chosen a more remote forum for his case, this Court is less inclined to offer the Plaintiff the full protection contemplated by *Metrex*. Finally, the Court cannot say that, in finding that a round-trip travel

---

[4]Because the Plaintiff did not appear at the hearing before Magistrate Judge Boland, the only record setting forth his position regarding the situs of the deposition are his "response" (**# 38**) to the Notice of Deposition and, arguably, his Motion for a Protective Order (**# 46**), filed on the same day as the hearing before Magistrate Judge Boland. Even if the Court were to consider the representations in these documents in lieu of the Plaintiff's appearance as directed at the hearing, the outcome of the motion is not changed.

distance of approximately 400 miles does not pose an undue burden, the Magistrate Judge was clearly wrong.  Although reasonable people may disagree as to whether that distance is substantial enough to warrant invoking the rule of *Metrex*, the Court cannot say that the Magistrate Judge's conclusion is so unreasonable as to be an abuse of his discretion.[5]

Accordingly, the Plaintiff's Objections **(# 49)** are **OVERRULED**, and Magistrate Judge Boland's Order **(# 44)**, directing the Plaintiff to appear for deposition in Denver, is **AFFIRMED**.[6]

Dated this 30th day of November, 2005

BY THE COURT:

Marcia S. Krieger
United States District Judge

---

[5] The Plaintiff's proposed alternative of a telephone deposition does not alter the analysis. Although D.C. Colo. L. Civ. R. 30.1(B) encourages parties to confer in an effort to seek less expensive alternatives in conducting depositions, nothing in that or any other rule requires a party to agree to a telephone deposition in lieu of an in-person one.  Particularly where the deponent is a party to the case, the opportunity to assess the deponent's demeanor is an important component of the deposition, and the party noticing the deposition is within its right to demand that the deposition occur in-person.

[6] The Court is mindful of the fact that the Magistrate Judge's Order directed the Plaintiff to appear on November 30, 2005, the same date that this Order is issued, and that the Plaintiff may elect not to appear as directed under the belief that his filing of Objections stayed the Magistrate Judge's Order.  Because the matter is speculative at the time the Court enters this Order, it need not determine at this time whether the Plaintiff's Objections can be deemed to operate as a stay of the Magistrate Judge's Order pursuant to D.C. Colo. L. Civ. R. 30.2, or whether the general rule that the filing of Objections to a Magistrate Judge's Order does not operate to stay the effect of that Order, *see White v. Burt Enterprises*, 200 F.R.D. 641, 643 (D. Colo. 2000), controls.