IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00868-MSK-BNB

BILL LASH,

    Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD,
LAS ANIMAS COUNTY,

    Defendants.

_____

## ORDER DENYING MOTION FOR RECONSIDERATION
_____

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Reconsideration **(# 54)** of this Court's November 30, 2005 Order **(# 52)** overruling the Plaintiff's Objections to appearing for a deposition in Denver.

    In light of the Plaintiff *pro se* status, the Court has construed his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Plaintiff has failed to show sufficient cause for reconsideration.

    A motion for reconsideration under Fed. R. Civ. P. 60(b) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000). Such a motion is appropriate where the Court has allegedly misapprehended the facts, a party's position, or the controlling law. *Id.*; *Butler v. Boeing Co.*, 175 F.Supp.2d 1307, 1308-09 (D. Kan. 2001). It is not an appropriate vehicle, however, for a party to renew arguments that were or could have been raised before the court. *Id.*

The Plaintiff's motion raises two points: (i) that the Court held him to an inappropriate standard in light of his *pro se* status; and (ii) that the Court failed to consider the Plaintiff's *in forma pauperis* status in evaluating whether his travel to Denver would impose an undue hardship. With regard to the first point, the Plaintiff does not cite to any legal authority to suggest that the Court's prior order misapprehended the controlling law or was otherwise erroneous. With regard to the second point, the Court's prior Order noted that the Plaintiff did not offer any evidence regarding the cost of the trip nor the particular financial burdens it would place on him. His *in forma pauperis* status, standing alone, is insufficient to demonstrate that that trip would pose an undue hardship, particularly where the record still does not reveal any evidence of the actual costs of the trip.

Accordingly, the Plaintiff's Motion for Reconsideration **(# 54)** is **DENIED**.

Dated this 12th day of January, 2006

**BY THE COURT:**

*(signature)*
_____
Marcia S. Krieger
United States District Judge