IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00868-MSK-BNB

BILL LASH,

Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD, and
LAS ANIMAS COUNTY,

Defendants.

_____

## ORDER
_____

This matter is before me on the **Defendants' Motion for Sanctions** [Doc. # 59, filed

12/29/05] (the "Motion for Sanctions").  The plaintiff filed **Plaintiff's Motion to Deny**

**Sanctions** [Doc. # 69, filed 2/1/06]  (the "Response"), which I have construed as his response to

the Motion for Sanctions.  The Motion for Sanctions requests an order dismissing the case due to

the plaintiff's failure to comply with my Order [Doc. # 44, filed 11/7/05], which compelled the

plaintiff to appear for his deposition at the offices of Brooks & Schluter, LLP, in Denver,

Colorado.  The Motion for Sanctions is DENIED, as specified below.

The plaintiff filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 on April 23, 2004.  That motion was granted on April 29, 2004.  Also on April 29, 2004,

the plaintiff's Complaint was accepted for filing.  The Complaint alleges that officers of the

Trinidad police department violated the plaintiff's constitutional rights in connection with an

arrest occurring on April 21, 2002.

The plaintiff resides in Trinidad, Colorado.  That fact notwithstanding, he selected the

United States District Court as the forum for his suit.  This court is located in Denver, Colorado.

The plaintiff chose not to bring his suit in the state district court in Las Animas County, Colorado,

which sits in Trinidad.

On October 10, 2005, defendants Las Animas County and the Las Animas County

Sheriff's Department filed a *Motion to Compel Plaintiff's Deposition* [Doc. # 39] (the "Motion to

Compel").  The Motion to Compel recited that on September 23, 2005, the defendants sent a

letter to the plaintiff requesting a date for his deposition.  The letter indicated the defendants'

intention to take the deposition in Denver, Colorado, where their counsel are located.  The

plaintiff responded, in relevant part:

> While to the best of my knowledge, there is nothing on any of your
> proposed dates (October 6, 7, 14, 2005) that presents a conflict, I
> inform you now, on several grounds, not the least of which is the
> *unreasonableness* of "requesting" that I *travel great distances to be
> deposed at your request*, that I will not, on any date, be traveling
> beyond the statutory boundaries of Trinidad, let alone some 200
> miles one-way, to Denver, to attend *your requested Deposition* of
> me.
>
> If, despite the availability of taking this Deposition by telephone,
> per "Rule 29", (A stipulation I here and now, in writing, make) you
> insist on a "sit-down" Deposition, then you, or some associate will
> need to make arrangements for a suitable (***And neutral***) meeting
> place within the statutory boundaries of Trinidad, where, on a
> mutually agreeable date & time, you, your deposition crew, and any
> other authorized person(s) may conduct the proposed Discovery.

2

Motion to Compel at Exh.4.

Communication between the plaintiff and the defendants is complicated by the fact that the plaintiff does not have a telephone nor, apparently, a regular address where overnight deliveries can be made. The sole address provided by the plaintiff is a Post Office Box, thus necessitating that all communications be by United States mail. I concluded from these facts, and from the tenor of the plaintiff's letter, that conferring about such things as the city where the deposition may be taken and what constitutes a sufficiently "neutral" location for the deposition would be time consuming, difficult, and could lead to gamesmanship. Consequently, I set the Motion to Compel for hearing on November 7, 2005, noting that "[i]t is apparent from the motions that the parties are experiencing sufficiently serious difficulties in connection with discovery matters as to require a hearing." Order [Doc. # 41, filed 10/14/05]. I also ordered the parties to have calendars available "to set discovery dates." Id.

The plaintiff did not respond to the Motion to Compel. In addition, he failed to appear at the hearing on November 7, 2005. Nor did the plaintiff file any motion concerning the November 7 hearing, such as a request to reschedule it, to attend by telephone, or the like. Although I was prepared to consider evidence from the plaintiff concerning the possible undue burden OF requiring him to attend a deposition in Denver, he failed to respond to the Motion to Compel either in writing or orally at the hearing.[1] Consequently, I granted the Motion to Compel and ordered the plaintiff to appear for his deposition at the offices of defendants' counsel on

---

[1]The plaintiff did file a document captioned *Response to Defendant's Notice of Deposition of Plaintiff* [Doc. # 38, filed 10/7/05] (the "Motion for Protective Order"), which I construed as a motion for protective order and set for hearing at the same time as the Motion to Compel. The Motion for Protective Order contains no specific facts or evidence establishing that it would be unduly burdensome for Mr. Lash to give his deposition in Denver rather than in Trinidad.

3

November 30, 2005. Order [Doc. # 44, filed 11/7/05].

The plaintiff objected to my order of November 7. The district judge overruled the

objections and affirmed my order. Order [Doc. # 52, filed 11/30/05]. In doing so, the district

judge noted that the plaintiff chose the federal court forum, even though he could have brought

his action in the state district court in Trinidad. The district judge also observed that the plaintiff

had failed to produce any evidence of undue burden, other than the fact that the plaintiff would

have to travel approximately 400 miles round trip. Id. at pp.4-5. The defendants already had

attempted to mitigate that burden by offering to begin the plaintiff's deposition at 1:00 p.m.,

"giving you time to drive to Denver in the morning." Motion to Compel at Exh.1. Finally, the

district judge rejected the plaintiff's argument that his deposition should be taken by telephone,

noting:

> Particularly where the deponent is a party to the case, the
> opportunity to assess the deponent's demeanor is an important
> component of the deposition, and the party noticing the deposition
> is within its right to demand that the deposition occur in-person.

Id. at p.5 n.5. I would note, in addition, that another reason the defendants may have refused to

proceed by a telephonic deposition is the difficulty generally encountered when attempting to

examine a deponent over the telephone concerning a document.

The plaintiff's Response does nothing to justify his failure to comply with my

November 7 order, and states in conclusory fashion:

> COUNTY DEFENDANT'S MOTION FOR SANCTIONS is at
> once, unjustifiable, specious, substantially vexatious, and utterly
> without merit, itself actionable misconduct on the part of Counsel
> for COUNTY DEFENDANTS, Edward P Butler (No Colorado
> Attorney Registration Number supplied), Leslie L Schleuter,
> #12594, and BROOKS & SCHLEUTER, LLP, being undertaken

4

> completely and wholly as a contrivance, a pretext, undertaken to
> bully and frighten Plaintiff into abandoning his efforts and right to
> seek compensation for the injuries he has sustained and the
> violations of his Civil Rights at the hands of all named Defendants.

Response at ¶3.

The point which I find determinative of this Motion for Sanctions, however, was first

made by the district judge in the final footnote of her order, which states:

> The Court is mindful of the fact that the Magistrate Judge's Order
> directed the Plaintiff to appear on November 30, 2005, the same
> date that this Order is issued, and that the Plaintiff may elect not to
> appear as directed under the belief that his filing of Objections
> stayed the Magistrate Judge's Order.  Because the matter is
> speculative at the time the Court enters this Order, it need not
> determine at this time whether the Plaintiff's Objections can be
> deemed to operate as a stay of the Magistrate Judge's Order
> pursuant to D.C.COLO.LCivR 30.2, or whether the general rule
> that the filing of Objections to a Magistrate Judge's Order does not
> operate to stay the effect of that Order, *see White v. Burt
> Enterprises*, 200 F.R.D. 641, 643 (D. Colo. 2000), controls.

Id. at n.6.

In White v. Burt Enterprises, 200 F.R.D. at 643, the court held that the filing of objections

under Rule 72(a), Fed. R. Civ. P., to an order of a magistrate judge concerning discovery issues

does not stay the order or relieve a party of its obligation to comply with the order pending a

decision on the objections.  Similarly, in Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654

(D. Colo. 2001), I ruled that "the automatic stay created by D.C.COLO.LR 30.1B [now

D.C.COLO.LCivR 30.2] should not be extended to the period between the ruling on a discovery

motion by a magistrate judge and the determination by a district judge of an objection to that

ruling.'"[2] Id. at p.657.  I went on to note, however, that nothing "prevents a party in an appropriate case from seeking a stay of the effect of a magistrate judge's order.  Upon an adequate showing, such a stay no doubt would be granted by either the magistrate judge or the district judge."  Id.

The plaintiff is proceeding pro se, and I doubt that he appreciates the technical aspects of objections dealt with in the White and Esparza cases.  It is at least possible that I would have stayed the effective date of my order had the plaintiff known to request such a stay.

In addition, a sanction of dismissal, as is requested here by the defendants, is a severe one and contrary to the preference of courts to decide cases on their merits rather than on technicalities.  See Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992)(holding that a sanction for failure to obey a discovery order "must be both just and related to the particular claim which was at issue in the order to provide discovery" and that "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction").  In order to warrant a severe sanction, the plaintiff must disobey a clear order and should understand the consequences of his misconduct.  That would have been the case here, had the defendants served a new notice for the plaintiff's deposition after the district judge's ruling on the objections to my November 7 order.  They did not do so.

---

[2]Local rule of practice 30.2, D.C.COLO.LCivR, provides:

> Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), no party, attorney, or witness is required to appear at the deposition to which the motion is directed until the motion has been resolved.  The filing of a motion under either of these rules shall stay the discovery to which the motion is directed until further order of the court.

The defendants are entitled to take the deposition of the plaintiff, and the district judge has ruled that the plaintiff's deposition may be required in Denver.  Consequently, I will reopen discovery for a brief period solely to allow the defendants an opportunity to take the plaintiff's deposition.  Consistent with the order of the district judge entered on November 30, 2005, the defendants may notice the plaintiff's deposition for a location in Denver, Colorado.  I note, also, that there is no requirement that a deposition occur at a "neutral" location, and that it is common practice for a deposition to be taken at the offices of a party's lawyer.  Consequently, the defendants may take the plaintiff's deposition at the offices of Brooks & Schleuter, LLP, in Denver, Colorado, if that is their preference.

I caution the plaintiff that his failure to cooperate in providing dates for his deposition and failure to attend his deposition, which may occur in Denver, Colorado, including at the offices of Brooks & Schleuter, LLP, may result in the imposition of sanctions including, potentially, dismissal of the case with prejudice.

IT IS ORDERED that the Motion for Sanctions is DENIED.

IT IS FURTHER ORDERED that the defendants are granted leave to take the deposition of the plaintiff at a date and time as the parties may agree, but in any event on or before **March 31, 2006**.  The deposition may be taken at Denver, Colorado, including at the offices of Brooks & Schleuter, LLP.

Dated February 21, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge