IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00868-MSK-BNB

BILL LASH,

    Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD,
LAS ANIMAS COUNTY,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO QUASH SERVICE AND DISMISS**
_____

    **THIS MATTER** comes before the Court pursuant to Defendants Richard Trujillo, Charles Glorioso, Trinidad Police Department, and the City of Trinidad's (collectively, "the Trinidad Defendants") Motion to Quash Service and Dismiss **(# 29)**, the Plaintiff's response **(# 34)**, and the Trinidad Defendants' reply **(# 37)**.

    The Plaintiff *pro se* commenced this action on April 23, 2004.  Approximately a month later, according to the Plaintiff's response to the pending motion, the Plaintiff mailed copies of the Summons and Complaint to each of the Trinidad Defendants, along with a request that the Trinidad Defendants waive service of process pursuant to Fed. R. Civ. P. 4(d)(2).  The Trinidad

1

Defendants did not respond to the Plaintiff's mailing.  The Plaintiff took no additional action to serve the Trinidad Defendants until January 21, 2005, when he moved **(# 16)** the Court for an order directing service by the U.S. Marshal.  On June 28, 2005, the Magistrate Judge granted **(# 23)** the Plaintiff's motion, and ordered **(# 24)** the U.S. Marshal to effectuate service on the Trinidad Defendants.   The Marshal completed service on three of the four Trinidad Defendants on August 16, 2005 **(# 26 - 28)**, and served the fourth Trinidad Defendant on September 1, 2005 **(# 32)**.

The Trinidad Defendants filed the instant Motion to Quash Service and Dismiss **(# 29)**, arguing that the service upon them occurred more than 120 days after commencement of the action, and that the Plaintiff could not show good cause for the delay under Fed. R. Civ. P. 4(m).  The Trinidad Defendants' moving papers made only a perfunctory allegation that the delay had resulted in prejudice, stating that they "should be entitled to rely upon the deadlines mandated by the Federal Rules of Civil Procedure."  *Docket* # 29 at 2.  In their reply brief, the Trinidad Defendants make a more detailed allegation of prejudice, explaining that they intend to move to dismiss the claims against them on the grounds of qualified immunity, and that such a motion would entitle them to a stay of discovery on most issues.  *Docket* # 37 at 3.  They further note that the case is set for trial on June 27, 2006.

Although the Trinidad Defendants are correct that the service upon them by the U.S. Marshal was untimely under Rule 4(m), and that the Plaintiff has not articulated good cause for failing to effect service after his request for waivers went unresponded to, the Court also finds that good cause exists to extend the time for service.  The Plaintiff has been granted **(# 2)** leave to pursue this case *in forma pauperis* under 28 U.S.C. § 1915.  The Order granting *in forma*

2

*pauperis* status also stated that "process shall not issue until further order of the court." *Docket #  2 at 2*. However, it appears that no such order was ever forthcoming until the Plaintiff moved in January 2005 for service by the U.S. Marshal. The Plaintiff can hardly be faulted for relying on an order of this Court for failing to effect prompt service of process.[1]

The Court further finds that the Trinidad Defendants have not been materially prejudiced by the delay in service. Although the trial date of June 2006 looms large on the horizon, if the Trinidad Defendants do indeed move to dismiss the Amended Complaint against them on qualified immunity grounds, a number of options are available to this Court, including vacating the trial date in its entirety or bifurcating the claims against the Trinidad Defendants from the scheduled trial. The fact that the Trinidad Defendants have been directed to begin discovery notwithstanding their intention to assert qualified immunity is of little concern, as the assertion of qualified immunity will not stay all discovery against all of the Trinidad Defendants. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (discovery against governmental entity defendants proceeds even where individual defendants assert qualified immunity). Here, the Plaintiff would be entitled to pursue discovery against the Trinidad Police Department and the City of Trinidad, even if Defendants Trujillo and Glorioso assert the individual defense of qualified immunity.

Accordingly, the Court finds that good cause exists for the delay in effectuating service of process, and the Trinidad Defendants have not suffered any meaningful prejudice. Pursuant to Fed. R. Civ. P. 4(m), the Court extends the time for service on the Trinidad Defendants up to and

---

[1] The Plaintiff's confusion was likely compounded by a letter **(# 8)** from the Clerk's Office, enclosing copies of the Summons and Complaint and "encourag[ing]" him to serve them "promptly." Whether such a letter from the Clerk could (much less did) constitute the "order of the court" mentioned by the Magistrate Judge in the order granting *in forma pauperis* status is a matter that, candidly, is vexing to the Court itself, and would be even more so to a *pro se* litigant.

3

including the dates upon which the U.S. Marshal effectuated service against them. The Trinidad Defendants' Motion to Quash Service and Dismiss **(# 29)** is **DENIED**.

Dated this 27th day of March, 2006

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge