IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00868-MSK-BNB

BILL LASH,

Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
JOHN DOE II, Las Animas County Jail Supervisor,
An unknown number of John and Jane Doe Las Animas County Jail Employees,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD, and
LAS ANIMAS COUNTY,

Defendants.
_____

**ORDER**
_____

This matter arises in connection with the order of the district judge entered in open court

on May 23, 2006, in connection with the **Plaintiff's Motion to Expunge and Redact; For**

**Sanctions** [Doc. # 87, filed 5/4/06] (the "Motion to Expunge"), where the district judge stated:

> To the extent that the plaintiff seeks an order directing that the
> defendants' counsel expunge information from their own records
> and files, the Court treats this as a motion for protective order and
> refers it to the magistrate judge for further consideration.

By an order dated May 23, 2006, I set the referred matter for hearing on June 7, 2006, at

3:00 p.m. Counsel for the defendants appeared at that date and time, but the plaintiff failed either

to appear or to contact the court.

The plaintiff seeks the following relief:

> Plaintiff now moves the Court for an Order commanding . . . Counsel for Defendants Leslie L Schluter, #12594, her employing law firm, BROOKS 7 SCHLUTER, LLP, Sean J. Lane #32000, and his employing law firm, CROSS 7 LIECHTY, P.C., . . . any or all of whom had or have custody and control of any official record(s), to expunge from said records and redact from the Deposition of Plaintiff, all such privileged personal information of Plaintiff which various State and Federal Laws prohibit the collection and keeping of such privileged personal information. . . .

Motion to Expunge, p.1. It is not entirely clear to me the specifics of the "privileged personal information" about which the plaintiff is concerned, and I had hoped for clarification by the plaintiff at the hearing. No such clarification was possible because of the plaintiffs failure to attend and participate at the hearing. It appears from the Motion to Expunge, however, that the plaintiff's concern includes at least the issue of his Social Security number. See Motion to Expunge, ¶¶2-3.

The Amended Complaint asserts claims against the defendants based on the following facts, among others:

> On said date [April 21, 2002] at said time [10:30 a.m.] and location [Las Animas County Jail] Officer Richard Trujillo and Las Animas County Jail employee "John Doe I", and others, sued herein as unknown named Defendants, while in the scope and course of employment, without legal cause or justification, and in unlawful collusion and conspiracy, upon Plaintiff's refusal to divulge personal information, including but not limited to his Social Security Number and marital status, ceased the implementing of mandatory Due Process owed to Plaintiff at that point and placed him in a "temporary holding cell", instructing the other unknown named "John and Jane Doe" Defendants, during the course of their successive shift employment, to likewise not complete the booking process and to provide for Plaintiff's enjoyment of mandatory Due Process in contacting persons able to gather funds to effect his release from custody.

Amended Complaint, ¶18.

In their Response to Plaintiff's Motion for Protective Order [Doc. # 101, filed 5/31/06] (the "Response"), the defendants assert that "Jail Intake Forms from the Las Animas County Jail have a number of them which purports to be Plaintiff's Social Security number." Response, ¶4. The defendants argue from this fact:

> Plaintiff was questioned at his deposition regarding whether that number was in fact his Social Security number, and whether he had given that number to deputies, along with other identifying information, in order to complete the booking process. The issue of whether Plaintiff voluntarily gave this number and the other identifying information on the Jail Intake Form is the central factual issue in this lawsuit. . . . By filing this lawsuit, Plaintiff has placed the question of whether or not he gave that number, as well as other identifying information, to jail personnel at issue. As Plaintiff has raised this issue, Defendants are entitled to seek discovery regarding this information and to use this information in their defense.

Response, ¶¶5, 7.

I agree with the defendants. By bringing this action, plaintiff has put at issue his Social Security number and whether he voluntarily gave it to the police officers. He has thus waived whatever right to maintain the privacy of that number may have existed, just as a personal injury plaintiff waives any physician-patient privilege related to the relevant injuries.

IT IS ORDERED that the Motion to Expunge is DENIED with respect to the referred matters.

Dated June 7, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3