IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00868-MSK-BNB

BILL LASH,

      Plaintiff,

v.

RICHARD TRUJILLO, Trinidad Police Department,
JOHN DOE I, Las Animas County Jail Employee,
CHARLES GLORIOSO, Trinidad Police Department,
TRINIDAD POLICE DEPARTMENT,
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
CITY OF TRINIDAD,
LAS ANIMAS COUNTY,

      Defendants.

_____

## OPINION AND ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING ACTION

_____

**THIS MATTER** comes before the Court pursuant to the Defendants Richard Trujillo and

Charles Glorioso's  Motion to Dismiss Based on Qualified Immunity **(# 83)**, and the Plaintiff's

response **(# 90, 92)**; Defendants Trinidad Police Department and City of Trinidad's Motion to

Dismiss[1] **(# 84)**, to which no responsive papers were apparently filed; the Court's oral Order to

Show Cause of May 23, 2006 **(# 94)** why the case should not be dismissed for failure to prosecute

_____

[1]Both motions to dismiss were orally converted to summary judgment motions by the
Court pursuant to Fed. R. Civ. P 12(b) at the Trial Preparation Conference **(# 94)** on May 23,
2006.  The Plaintiff was given until June 9, 2006 to submit evidence in response.  The Plaintiff did
not file any additional evidentiary material, noting in his June 8, 2006 response **(# 107)** that he
"can not possibly forward 'evidence' in answer to those . . . 'Motions.'"

as a result of the Plaintiff's failure to attend the Trial Preparation Conference, and the Plaintiff's

response (# 107); Defendants Las Animas County and Las Animas County Sheriff's Department's

(collectively, "the Las Animas Defendants") Motion for Summary Judgment (# 98) of May 25,

2006, to which no responsive papers were filed by the Plaintiff; and the Las Animas Defendants'

Motion for Leave to Allow Motion for Summary Judgment to Stand as Filed (# 99), to which no

responsive papers were filed by the Plaintiff.

## BACKGROUND

The Plaintiff's *pro se* Complaint (# 1) arises from events that occurred on April 22, 2002.

On that date, Defendant Trujillo, a police officer with the City of Trinidad, made a routine traffic

stop of the Plaintiff.  A warrant check revealed that there was an outstanding arrest warrant for

the Plaintiff.  Defendant Trujillo arrested the Plaintiff and transported him to the Las Animas

County Jail for booking, arriving at 11:15 a.m.  During the booking process, the Plaintiff refused

to answer certain questions, including providing his Social Security number and marital status.

The Plaintiff contends that, as a result of his refusal to provide this information – which he

considered private and irrelevant to the booking process – the Defendants placed him in a holding

cell and prolonged his detention in retaliation.  The booking process was eventually completed at

approximately 9:30 p.m., and the Plaintiff was released on bond at 11:15 p.m., approximately 12

hours after his arrest.

Construing the *pro se* Complaint liberally, the Court concludes that the Plaintiff asserts

four claims: (i) a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, in

that he was unreasonably seized and detained; (ii) a claim under § 1983 for violation of his Fifth

Amendment claim, in that he was deprived of liberty without Due Process; (iii) a claim asserted

under Article II, Section 7 of the Colorado Constitution, which for all practical purposes is

identical to his § 1983 Fourth Amendment claim; and (iv) a violation of the Privacy Act of 1974,

5 U.S.C. § 551 *et seq.,* which limits the use that may be made of Social Security numbers.

Defendants Trujillo and Glorioso filed a Motion to Dismiss **(# 83)** on the doctrine of

qualified immunity.  They contend that, in the Plaintiff's deposition, the Plaintiff identified only

three actions in which the Defendant Trujillo personally participated: (i) Defendant Trujillo asked

the Plaintiff what his Social Security number was, and the Plaintiff refused to answer; (ii)

Defendant Trujillo may have asked the Plaintiff if he was married, and the Plaintiff refused to

answer; and (iii) when the Plaintiff was taken to a holding cell, Defendant Trujillo asked another

person whether they should confiscate the Plaintiff's glasses.  The motion further alleges that the

Plaintiff identifies no personal participation in the alleged deprivations by Defendant Glorioso, and

that the Plaintiff merely asserts that Defendant Glorioso failed to adequately train and supervise

Defendant Trujillo.  The Defendants contend that these assertions are insufficient to establish a

constitutional violation.  In response **(# 90)**,[2] the Plaintiff acknowledged that he did not dispute

any of the facts asserted in the Defendants' motion and did not offer any additional facts in

support of his claims.  He contended that he was not required "to prove or disprove Defendants'

allege entitlement to any level of immunity." *Id.* at 2.  Instead, he stated that "he will, through the

ordinary, simple, and normal presentation of his case, show that certain Defendants committed

'private acts' outside the scope of their employment."

At the Trial Preparation Conference on May 23, 2006 **(# 94)**, the Court orally noted that

the motion relied upon evidentiary material outside the Complaint, and that as a result, it was

---

[2]An apparently identical document was filed at Docket # 92.

necessary under Fed. R. Civ. P. 12(b) to convert the motion to one for summary judgment.  The Court advised the parties of certain apparent defects in the Plaintiff's response to the motions, and gave the Plaintiff until June 9, 2006 to submit evidentiary material in further opposition to the motion.  On June 8, 2006, the Plaintiff filed a response **(# 107)** to the Court's order, stating that "Plaintiff has no idea what the vague reference [in the Court's Minute Order of May 23, 2006] of 'Motions to Dismiss [ ]' refers to and cannot possible forward 'evidence,' either in answer to those herein poorly described 'Motions' or to satisfy the advisory ruling."

Defendants City of Trinidad and the Trinidad Police Department (collectively, the "Trinidad Defendants") also moved to dismiss **(# 84)** the Complaint against them.  They contend that the Plaintiff's claims as against them sound in *respondeat superior* liability, and that such claims require proof of some unconstitutional custom or policy, and that the Plaintiff cannot establish the existence of any such custom or policy.  *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  The Plaintiff does not appear to have responded to this motion.  The Court oral order of May 23, 2006 also converted this motion to one for summary judgment, and the Court interprets the Plaintiff's June 8, 2006 response to decline to submit additional evidence in response to this motion as well.

On May 23, 2006, the Court conducted a Trial Preparation Conference that had been set by the Court in a January 11, 2005 Trial Setting Order **(# 15)**.  The Plaintiff did not appear at the conference, nor, apparently, did he participate in the drafting of any of the pre-Conference submissions required by the Court's Trial Setting Order.  At the Conference, the Court issued an oral Order to Show Cause **(# 94)** why the case should not be dismissed for failure to prosecute. The Plaintiff timely responded **(# 107)** to the Order to Show Cause, stating that "Plaintiff has not

4

received, ever, any other Notice of Final Pretrial Conference setting," and that he did not knowingly ignore the scheduled Conference date.  He argues that dismissal is "[in]appropriate in light of the Court's own failure to properly and adequately notify Plaintiff of the apparently ever-changing hearing dates in this case."

At the Trial Preparation Conference, the Court agreed to extend the already-expired dispositive motion deadline to permit the Las Animas Defendants an opportunity to move for summary judgment.  The Court directed that such motion be filed on or before May 24, 2006 (**# 94**).  Shortly after midnight on May 25, 2006, the Las Animas Defendants filed a Motion for Summary Judgment (**# 98**), contending that the Plaintiff cannot establish any unconstitutional custom or policy by the Las Animas Defendants.  The same day, the Las Animas Defendants filed a "Motion for Leave to Allow Motion for Summary Judgment to Stand as Filed" (**# 99**), which the Court interprets to be a motion for extension of time to file their summary judgment motion. The Las Animas Defendants explain that their counsel "encountered difficulties" in filing the motion by the May 24, 2006 deadline.  Specifically, "the difficulties entailed having to attend to unforseen emergencies for another client, and involving one of the undersigned's children, an evening school function for a child that went later than anticipated, and the undersigned caused herself problems with the electronic filing, due to the late hour, and getting the exhibits appended to the motion."  The Plaintiff did not respond to the summary judgment motion by the June 9, 2006 deadline set by the Court (**# 94**), and has not responded to the Las Animas Defendants' motion for extension of time.

## JURISDICTION

The Court has subject-matter jurisdiction over the Plaintiff's § 1983 and Privacy Act claims pursuant to 28 U.S.C. § 1331.  The Court exercises supplemental jurisdiction over the Plaintiff's claim under the Colorado Constitution pursuant to 28 U.S.C. § 1367.

## ANALYSIS

### A.  Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law determines what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the nonmoving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.  In response, the non-movant party may not simply rest on the allegations in its pleadings, but must

come forward with sufficient competent evidence to *prima facie* establish the challenged claim or defense. *See BancOklahoma Mortg. Co. v. Capital Title Corp,* 194 F.3d 1089, 1097 (10th Cir. 1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *Celotex*, 477 U.S. at 322-23.

As always, the Court construes the Plaintiff's *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### B. The Court's Order to Show Cause

The Court first turns to its Order to Show Cause why the case should not be dismissed for failure to prosecute as a result of the Plaintiff's failure to appear at the Trial Preparation Conference. When a party fails to comply with the Court's orders, the Court turns to the *Ehrenhaus* factors to determine the appropriate penalty. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994). Under *Ehrenhaus*, the Court considers: (i) the degree of actual prejudice to the other party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii) whether the

7

Court warned the party in advance of the consequences for noncompliance; and (iv) the efficacy of lesser sanctions.  965 F.2d at 921.

Turning to the first two factors, the Court finds that the Plaintiff's failure to comply with the various requirements of the Trial Preparation Order results in prejudice to both the Defendants and the judicial process.  The Trial Preparation Order's requirements are intended to ensure that "the parties [have] finally determine[d] the claims and defenses they intend to present, the elements of those claims or defenses, the particular witness testimony and exhibits necessary to prove those elements and the time it will take to present the required evidence."  *Docket # 15* at 2.  Compliance with the various requirements of the order is particularly important in cases by *pro se* Plaintiffs, as such parties often lack a full understanding of their claims, elements, and requisite proof.  By failing to appear at the Trial Preparation Conference, the Plaintiff prevented the Court from fully exploring the nature and viability of his claims, potentially forcing the Defendants to prepare for and defend against claims at trial that could have been clarified or eliminated through discussion at the Trial Preparation Conference.  However, the Court observes that all of the Defendants have had the opportunity to file summary judgment motions directed at the Plaintiff's claims, thereby ameliorating some of this prejudice.  All told, although the Court finds that the Defendants were prejudiced by the Plaintiff's failure to comply with the Trial Preparation Order, the extent of that prejudice is relatively small.

By contrast, the prejudice to the judicial system by the Plaintiff's failure is quite large.  The Plaintiff's failure to participate in the preparation of the pre-Conference submissions required in the Trial Preparation Order and his failure to attend the Conference has deprived the Court of <u>all</u> of the salutary benefits that the Order was intended to supply.  To date, the Court has no

8

clarification of the claims the Plaintiff intends to assert, no indication that the Plaintiff understands

the elements he must prove, and no indication of the means by which the Plaintiff intends to prove

his claims.  The Court is in no way assured that the Plaintiff is aware of the various procedures

that will be used during the trial.  The Court will not permit this case to proceed to trial until it has

had the Conference with the Plaintiff in attendance, and as a result, the Plaintiff's failure to

comply would require, at a minimum, resetting of the Conference date and, likely, vacatur and

resetting of the trial date, all at the cost of a significant disruption of the Court's calendar.

Moreover, in a larger sense, the Plaintiff's failure to comply with the Court's orders harms the

judicial process in more intangible ways.  The Court's sole means of exercising its authority is to

issue orders, and parties' refusal to comply with such orders threatens the Court's ability to carry

out its mandate.  This threat to the Court's authority is particularly sharp in the case of *pro se*

plaintiffs, who are beyond the reach of the Court's mechanisms for disciplining registered

attorneys, and who are not subject to the imposing specter of a default judgment being entered

against them.

       Next, the Court turns to the question of the Plaintiff's culpability.  The sole reason given

for the Plaintiff's failure to comply with the Trial Preparation Order is an assertion by the Plaintiff

that he never received such an order.  The Court notes, however, that the Certificate of Service

accompanying the Order indicates that it was served by mail upon the Plaintiff at the address he

has maintained throughout this litigation, and there is no indication that the mailing was returned

to the Clerk of the Court.  Thus, the Court finds the Plaintiff's justification for his failure to

comply is doubtful.  Nevertheless, even assuming that the Plaintiff did not receive the Court's

order, the fact remains that the Plaintiff could have discovered the existence of that order with a

9

simple review of the Court's docket.  Indeed, several filings in this case alert the Plaintiff to the existence of a Trial Preparation Conference, providing him either actual or inquiry notice of the scheduled conference.  *See Docket* # 76 (Magistrate Judge's Order of March 13, 2006, stating "The trial preparation conference before the district judge is set for May 23, 2006"); *Docket* # 80 (Magistrate Judge's Order of March 28, 2006, advising the parties that "The district judge [will] enter a pretrial order at her trial preparation conference").  As stated previously, *pro se* status entitles the Plaintiff to a liberal construction of the <u>content</u> of his pleadings, but does not relieve him of the obligation to observe the Court's procedures and deadlines in the same manner as is expected of represented counsel.  The Court would find a represented party entirely culpable for failing to comply with the Trial Preparation Order under these circumstances, and it finds the Plaintiff so culpable as well.

As to the fourth *Ehrenhaus* factor, the Court finds that the Plaintiff has been adequately warned of the potential consequences of failing to comply with the Court's orders repeatedly.  The Trial Preparation Order itself advises parties that "[f]ailure to fully prepare or to satisfy the requirements of this Order may result in vacation of the trial or sanctions."  *Docket* # 15 at 2.  The Court's Minute Order **(# 94)** referencing its Order to Show Cause indicates to the Plaintiff that the Court is considering dismissing the action "*in toto*," and the Plaintiff's response clearly indicates that the Plaintiff understood that dismissal was a possible sanction.  *See Docket* # 107 at 2 (Plaintiff's recognition that the Court's Order to Show Cause threatened that his case would be "dismissed in toto for failure to prosecute (due to the fact that he has not appeared at this hearing)").

10

Finally, the Court turns to the question of whether a sanction short of dismissal is appropriate. The Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993). However, once the aggravating factors outweigh the judicial system's strong preference for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921.

A sanction that limits the Plaintiff's ability to offer particular evidence or which deems certain facts to be established is inappropriate here, as the Plaintiff's misconduct relates to preparation for trial as a whole, not to any discrete evidentiary or factual issue. A monetary sanction is also inappropriate for several reasons. First, the Plaintiff is proceeding *in forma pauperis* here **(# 2)**, making it difficult for the Court to impose a monetary sanction that would be both sufficiently severe as to deter future misconduct, but not so severe that compliance with it is impossible for the Plaintiff. Second, even if the Court could select a sanction amount, the prejudice discussed above – particularly the prejudice to the judicial system – is not of a monetary character, and thus, is unsuitable for remediation by the payment of money. Requiring the Plaintiff to pay money cannot remedy the disruption to the Court's calendar of having to reset the Trial Preparation Conference and the trial. Third, given the Plaintiff's refusal to comply with the Court's orders in the past, the Court is not sanguine as to the likelihood that the Plaintiff would comply with an order directing the payment of sanctions either. Having eliminated all conceivable alternatives, the Court finds that dismissal is the only appropriate sanction.

11

Although dismissal is a severe sanction, the Court finds that it is a suitable punishment here. This is not the only instance in the record in which the Plaintiff has disregarded the court's orders. On November 7, 2005, the Magistrate Judge issued an Order to Show Cause (**# 45**) why the Plaintiff should not be sanctioned for failing to appear at a motions hearing. The Plaintiff's response (**# 50**) to that order relies on frivolous semantic arguments.[3] On March 29, 2006, the Magistrate Judge entered an Order (**# 80**) that indicated that the parties had failed to comply with his prior order directing the preparation of a proposed Pretrial Order. The Magistrate Judge directed that the parties meet on or before April 21, 2006, and to submit a joint proposed Pretrial Order by May 8, 2006. On May 8, 2006, the Defendants submitted a proposed Pretrial Order (**# 89**) that suggests that the Plaintiff had not responded to proposed factual stipulations, and had not identified witness and exhibits he intended to present at trial. The Plaintiff has never filed his own version of a proposed Pretrial Order, nor explained why his information was omitted from the Defendants' version. Finally, on May 23, 2006, the Magistrate Judge set (**# 96**) a hearing on a motion by the Plaintiff for June 7, 2006. The Plaintiff did not appear for this hearing, and the Magistrate Judge issued another Order to Show Cause (**# 104**) why the case should not be dismissed. Once again, the Plaintiff's response to that Order to Show Cause (**# 108**) is frivolous, failing to address the Magistrate Judge's May 23, 2006 order whatsoever.

Based on the foregoing, the Court finds that the Plaintiff has engaged in a pattern of repeated, willful disregard of orders by the Court directing his appearance in this case and his preparation of the case for trial. The Plaintiff is correct, up to a point, that he has vigorously

---

[3]The Order to Show Cause was never affirmatively ruled upon or discharged by the Magistrate Judge.

litigated this case.  However, as the case nears trial and the burdens on parties to engage in the

extensive preparations and hearings that occur in the months before trial, the Plaintiff has

suddenly refused to diligently carry out his burdens as a litigant.  His explanations for his failure to

appear at hearings turn on spurious misreadings or failings to read the Court's orders, and he

offers no justification for failing to participate in the submission of trial preparation materials.  It is

clear that although the Plaintiff desires to have his day in court, he is only willing to have it on his

own terms, and with the amount and degree of pretrial preparation that he wishes to do.  The

Plaintiff's *pro se* status, indigency, and location do not excuse his failure to diligently comply with

the Court's orders.   Under these circumstances, dismissal is an adequate – and indeed, the <u>only</u>

adequate – sanction for his misconduct.

Accordingly, the Court dismisses the Plaintiff's Complaint in its entirety under Fed. R.

Civ. P. 41(b) for failure to diligently prosecute this case.

## C.  Defendants' Motions

Even if the Court were to find some sanction short of dismissal is appropriate, it would

nevertheless grant summary judgment to each of the Defendants on their pending motions.[4]  All of

the motions for summary judgment are made by parties without the burden of proof.  As stated

above, when faced with motions for summary judgment, the party with the burden of proof at trial

– the Plaintiff – cannot simply rely upon the allegations in his Complaint, or promise to produce

unspecified evidence at trial.  *BancOklahoma, supra.*  Rather, he must come forward with

---

[4]The Court denies the Las Animas Defendants' motion for an extension of time to file their summary judgment motion, as moot. The grounds cited by counsel for the untimely filing do not, individually or collectively, not constitute good cause to extend the filing deadline.  But the underlying motion had been filed by the time of the motion to extend the deadline was filed and because the Plaintiff chose not to respond to either motion, he was not prejudiced by any delay.

13

specific, competent evidence that would establish the essential elements of each claim against each Defendant. *Id.*

The Plaintiff has not done so. None of his responses to the Defendants' motions cites to any evidence, much less assert facts which the Court could treat as true had they been presented in an affidavit. Instead, the Plaintiff's responses are conclusory assertions of law and promises that factual evidence will be produced in the future. Even considered liberally as a result of the Plaintiff's *pro se* status, these responses are insufficient to demonstrate the Plaintiff's ability to prove the elements of his claim at trial. Accordingly, each of the Defendants are entitled to summary judgment.[5]

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Complaint **(# 3)** is **DISMISSED**, in its entirety under Fed. R. Civ. P. 41(b) for failure to diligently prosecute this case.

In the alternative, Defendants Trujillo and Glorioso's Motion for Summary Judgment **(# 83)** (captioned as a motion to dismiss) and the Trinidad Defendants' Motion for Summary Judgment **(# 84)** (captioned as a motion to dismiss) are **GRANTED**. The Las Animas Defendants' Motion for Extension of Time **(# 99)** (captioned as Motion for Leave to Allow Motion for Summary Judgment to Stand as filed) is **DENIED**. The Las Animas Defendants'

---

[5]The Plaintiff's failure to adduce <u>any</u> evidence in response to the summary judgment motions entitles the Defendants to judgment without the necessity of legal analysis of the particular claims, as it is the Plaintiff's burden to establish the sufficiency of his claims. Nevertheless, to the extent that legal analysis is helpful, the Court incorporates by reference its advisory ruling to the parties at the May 23, 2006 Conference as to the apparent defects in many of the Plaintiff's claims. To the extent that ruling does not address the entirety of the Plaintiff's claims, the Court would adopt the general arguments put forward in the Defendants' various motions.

Motion for Summary Judgment **(# 98)** is **GRANTED.**  The Clerk of the Court shall close this case.

        Dated this 20th day of June, 2006

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge